**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**MATTHEW MARK STRAWDERMAN,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-00171**

**IDA DORSEY,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Matthew Mark Strawderman's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his pro se Complaint, (ECF No. 2). Having considered the Application, and as discussed more fully herein, the Court **GRANTS** the same. (ECF No. 1). For the reasons that follow, Plaintiff is further **ORDERED** to file, on or before **October 26, 2026**, an Amended Complaint as further described herein.

## I. Relevant History

Plaintiff, Matthew Mark Strawderman, is currently an inmate at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia. On March 2, 2026, Plaintiff filed the instant Complaint against Defendant Ida Dorsey. (ECF No. 2). Plaintiff appears to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In his Statement of Claim, Plaintiff alleges that he was working for Defendant splitting firewood in approximately December 2025 when his glove became caught in a wood splitter, resulting in a broken left thumb and an injury requiring approximately sixteen stitches. (*Id.* at 4). Plaintiff states that Defendant transported him to the hospital following the accident and that he has incurred hospital expenses and expects to require

surgery following his release from incarceration. (*Id.*). As relief, Plaintiff seeks payment of his hospital expenses and $85,000 for pain and suffering. (*Id.* at 5).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to United States Magistrate Judge Reeder for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having now performed an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the undersigned finds certain deficiencies in pleading that must be corrected by Plaintiff before this action can proceed.

## II. Application to Proceed without Prepayment of Fees and Costs

Having considered the Application, the Court **GRANTS** the same. (ECF No. 1). The Court finds that Plaintiff has minimal funds in his inmate account to make an initial partial filing fee payment. Therefore, Plaintiff is not ordered to make an initial payment. However, beginning on **November 5, 2026**, and on the fifth day of each month thereafter, monthly payments shall be made in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's inmate account until the full filing fee of $350.00[1] has been paid. The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, is **ORDERED** to forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10.00 until the full filing fee is paid. *See* 28 U.S.C. § 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid

[1] The filing fee for civil actions in this district is $405.00, which includes a $55.00 administrative fee. However, the administrative fee does not apply to persons granted *in forma pauperis* status or habeas proceedings. *See* https://www.wvsd.uscourts.gov/sites/wvsd/files/DISTRICT%20COURT%20FEES%20-%2012-01-2023%20FINAL.pdf.

to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to Plaintiff.

## III. Deficiencies in the Complaint

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has preliminarily reviewed Plaintiff's Complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although pro se complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop Plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the Court may allow a pro se plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### *Pleading Requirements*

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). The operative words are "short" and "plain."

Federal Rule of Civil Procedure 10 addresses the form of pleadings. Rule 10 requires the complaint to name all of the parties, Fed. R. Civ. P. 10(a), and requires a party

to state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

***Subject Matter Jurisdiction***

Federal courts are courts of limited jurisdiction and possess only the jurisdiction authorized by the Constitution and federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The party invoking federal jurisdiction bears the burden of establishing its existence. *Id.*

Plaintiff appears to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under § 1332(a)(1), federal district courts possess original jurisdiction over civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different States. Diversity jurisdiction requires complete diversity, meaning that no plaintiff may share state citizenship with any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

For purposes of diversity jurisdiction, citizenship depends upon domicile, rather than mere residence. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Whether a person is a domiciliary of a particular state turns on the individual's physical presence and intent to remain there indefinitely. *Id.; see also Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017). In the case of an incarcerated individual, the prisoner is presumed to retain the domicile he had prior to incarceration, although that presumption may be rebutted upon a sufficient showing of an intent to change domicile. *Roberts v. Morchower*, 1992 WL 42885, *1 (4th Cir. Mar. 4, 1992) (per curiam) (internal citations omitted).

The Complaint does not allege Plaintiff's state of citizenship or Defendant's state of citizenship. Although Plaintiff presently is incarcerated in West Virginia and his filings

indicate that he performed work for Defendant in West Virginia before his incarceration, those facts do not, standing alone, establish the citizenship of either party. Accordingly, the Court cannot determine from the Complaint whether complete diversity exists.

Plaintiff must therefore amend his Complaint to allege facts sufficient to establish the citizenship of both parties. With respect to his own citizenship, Plaintiff should identify the State in which he was domiciled immediately before his present incarceration, provide his address immediately before incarceration, and state facts relevant to determining his domicile. Plaintiff should also identify Defendant's State of citizenship, to the extent known, and explain the factual basis for his allegation concerning Defendant's citizenship.

***Failure to State a Claim***

Plaintiff's Complaint also does not contain sufficient factual allegations explaining the basis upon which he contends Defendant is legally responsible for his injury. Under West Virginia law, a plaintiff asserting negligence generally must establish duty, breach, causation, and damages. *Carter v. Monsanto Co.*, 212 W. Va. 732, 737, 575 S.E.2d 342, 347 (2002).

Although Plaintiff describes the accident and his resulting injuries, the Complaint does not identify any act or omission by Defendant that allegedly caused or contributed to the accident. (ECF No. 2 at 4). Plaintiff alleges that he was injured while working for Defendant, but does not explain what Defendant allegedly did or failed to do that Plaintiff contends caused his injury or otherwise renders Defendant legally responsible for his damages. (*Id.*).

Moreover, because Plaintiff alleges that his injury occurred while he was working for Defendant, additional information concerning the nature of the parties' working

relationship is necessary to permit meaningful initial review of his claim. West Virginia law generally provides immunity from common-law damages liability to an employer subject to the Workers' Compensation Act who maintains the required workers' compensation coverage and otherwise complies with the Act. *See* W. Va. Code § 23-2-6. However, the Complaint does not contain sufficient information concerning Plaintiff's working relationship with Defendant or the existence or applicability of workers' compensation coverage to permit the Court to determine whether that provision bears upon Plaintiff's claim.

Accordingly, Plaintiff must provide additional factual allegations concerning the nature of his working relationship with Defendant, the circumstances of the accident, and the conduct by Defendant that Plaintiff contends caused or contributed to his injuries.

***One Single Document***

Plaintiff is advised that his Amended Complaint will supersede the original Complaint and should therefore contain all claims, factual allegations, and Defendants that Plaintiff wishes the Court to consider. Plaintiff should not rely upon the original Complaint or any other prior filing to supply allegations or claims omitted from the Amended Complaint. Rather, Plaintiff should include all allegations and facts relevant to his claims in one singular Amended Complaint.

## IV. Conclusion

For the reasons stated above, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **GRANTED**. Plaintiff is **ORDERED** to file, on or before **October 26, 2026**, an Amended Complaint using the Court-approved form provided by the Clerk of Court. Plaintiff's Amended Complaint must comply with the

requirements set forth herein and must be filed as one complete, stand-alone document. In his Amended Complaint, Plaintiff shall:

1. Identify the State in which he was domiciled immediately before his present incarceration, provide his address immediately before incarceration, and state facts relevant to determining his domicile, including how long he resided at that address and whether he intended it to be his permanent home;
2. Identify Defendant Ida Dorsey's State of citizenship, to the extent known, and explain the factual basis for his allegation concerning Defendant's citizenship;
3. Explain the basis for the amount of damages Plaintiff claims, including why Plaintiff contends the amount in controversy exceeds $75,000, exclusive of interest and costs;
4. Describe the nature of his working relationship with Defendant, including the type of work he performed, approximately when he began working for Defendant, how frequently he worked for Defendant, and whether and how he was paid;
5. State how Plaintiff understood his working relationship with Defendant, including whether Defendant hired him as an employee, whether he considered himself self-employed or an independent contractor, and any other facts concerning the nature of the working relationship;
6. State whether he filed a claim for or received workers' compensation benefits arising from the injury alleged in the Complaint and, to the extent known, whether Defendant maintained workers' compensation insurance;

7. Describe the circumstances surrounding the wood-splitter accident, including the approximate date and location of the accident and how the accident occurred;
8. Explain specifically what Defendant did or failed to do that Plaintiff contends caused or contributed to his injury;
9. Describe the injuries and damages he allegedly sustained as a result of the accident; and
10. Clearly and simply state the relief Plaintiff seeks from this Court.

Plaintiff is hereby **NOTIFIED** that failure to file a completed Amended Complaint on or before October 26, 2026, or failure to correct the deficiencies identified herein, may result in a recommendation that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or Federal Rule of Civil Procedure 41(b).

**Plaintiff is further NOTIFIED that he is responsible for notifying the Clerk of Court of any change in his address or other contact information.** Failure to do so may result in a recommendation of dismissal of this action.

The Clerk is directed to provide Plaintiff with a blank Pro Se 1 Complaint for a Civil Case and a copy of this Memorandum Opinion and Order.

**ENTERED**: September 25, 2026

/s James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE